No. 22-10049

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

PAUL ENGSTROM
*Defendant-Appellant*.

Appeal from the United States District Court
for the District of Nevada
DC No: 2:21-cr-00190-APG-EJY

MEMORANDUM IN SUPPORT OF FRAP 9(a) APPEAL

Benjamin C. Durham
Nevada Bar No. 7684
BENJAMIN DURHAM LAW FIRM
601 S. Rancho Dr. Ste B14
Las Vegas, Nevada 89106
(702) 631-6111
*Attorney for Defendant-Appellant*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………….2

I. STATEMENT OF JURISDICTION ................................................................3

II. STATEMENT OF ISSUES PRESENTED FOR REVIEW ................................4

III. STATEMENT OF THE CASE................................................................4

IV. ARGUMENT ................................................................7

   A.  Standard of Review................................................................7

V. CONCLUSION ................................................................14

VI. STATEMENT OF RELATED CASES................................................................14

VII. BAIL STATUS OF DEFENDANT ................................................................14

VIII. CERTIFICATE OF COMPLIANCE................................................................14

CERTIFICATE OF SERVICE ................................................................16

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Herzog v. United States,* 75 S. Ct. 349 (1955)..............................................................8

*Sellers v. United States*, 89 S.Ct. 36 (1968)..................................................................8

*Stack v. Boyle*, 342 U.S. 1 (1951) .................................................................................8

*United States v. Alston,* 420 F.2d 176 (D.C. Cir. 21969) ...........................................14

*United States v. Armstead,* 552 F.3d 769 (9th Cir. 2008)......................................9, 10

*United States v. Channon*, 2020 U.S. Dist. LEXIS 127556 (W.Dist.Wash. 2020).10

*United States v. Chen*, 820 F.Supp. 1205 (N.D.Cal 1992) ..........................................8

*United States v. Dillion*, 938 F.2d 1412 (1st Cir. 1991) .............................................9

*United States v. Edson*, 487 F.2d 370 (1st Cir. 1973) ..............................................13

*United States v. Gebro,* 948 F.2d 1118 (9th Cir. 1991)................................................8

*United States v. Hir*, 517 F.3d 1081 (9th Cir.2008).....................................................7

*United States v. Himler*, 797 F.2d 156 415 (5th Cir. 1986)......................................10

*United States v. Motamedi,* 767 F.2d 1403 (9th Cir. 1985).......................8,9,11,12,14

*United States v. Patriarca,* 948 F.2d 789 (1st Cir. 1991)……………… …………13

*United States v. Simon*, 2006 U.Sd. Dist. LEXIS 52979 (D. Nev., July 27, 2006) 10

*United States v. Thomas*, 667 F. Supp. 7278 (D. Or. 1987) .......................................9

*United States v. Townsend,* 897 F.2d 989 (9th Cir. 1990)......................................7,11

*United States v. Trujillo-Alvarez,* 900 F.Supp 2nd 1167 (9th Cir. 2012) ...................8

**FEDERAL STATUTES**

18 U.S.C. § 1291, 1294..................................................................................3

18 U.S.C. § 3142(e) ......................................................................................8

18 U.S.C. § 3142(f)........................................................................................4

18 U.S.C. § 3142(g) ......................................................................................7

18 U.S.C. § 3231 ...........................................................................................3

18 U.S.C. § 3145 ...........................................................................................3

## I. STATEMENT OF JURISDICTION

The district court has jurisdiction under 18 U.S.C. §3231. The district court order is appealable under 18 U.S.C. §3145(c) and Federal Rule of Criminal Procedure 9(a). The district court entered its final order on January 31, 2022. Appellant, in pro se, timely filed his notice of appeal by depositing the notice via USPS on February 14, 2022. Jurisdiction in this Court is conferred under 28 U.S.C §1291 and 1294.

## II. STATEMENT OF ISSUES PRESENTED FOR REVIEW

Did the district court err by concluding that Mr. Engstrom is a danger to the community and a flight risk, and that no condition or combination of conditions will reasonably assure his appearance and the safety of any other person and the community?

## III. STATEMENT OF THE CASE

On June 22, 2021, a complaint was filed against Paul Engstrom and co-defendants, alleging conspiracy to distribute a controlled substance in violation of 21 U.S.C. §846, §841, and money laundering in violation of 18 U.S.C. §1956.

A detention hearing was held on June 23, 2022. The prosecutor moved for detention based primarily on risk of flight. (Excerpts of Record "ER" at 11). In support of his contention, he proffered that Mr. Engstrom, upon SWAT's entrance into his office warehouse, "barricaded himself" into a backroom. ER 8. This assertion was based on the sworn declaration in the complaint, wherein law enforcement alleged that upon entrance into the premises, Engstrom fled to a back office, locked the door, and refused commands to exit the office.

Mr. Engstrom proffered evidence to rebut the presumption of detention as well as the risk of nonappearance. ER 11. Mr. Engstrom has resided in Las Vegas for 14 years. His ex-wife confirmed his personal information with pretrial services

4

and offered to act as a third-party custodian. Mr. Engstrom owns a business in Las Vegas and is a student at the University of Nevada Las Vegas.

Mr. Engstrom was previously on supervised release and was granted an early termination. Additionally, Mr. Engstrom disputed the assertion that he fled to another room or that he barricaded himself and refused to obey commands.

The magistrate judge's main concern related to the arrest conduct. ER 30. This was based upon the declaration that Mr. Engstrom barricaded himself behind a locked door. The magistrate found that the government did not meet its burden regarding danger to the community. However, the court did find that there were no conditions or combination of conditions that would reasonably assure Mr. Engstrom's appearance. "What I don't think can be overcome here is the risk of flight risk given the arrest conduct in this case, which includes him barricading himself in his house." ER 18

An indictment was filed on July 6, 2021. Mr. Engstrom subsequently moved to reopen his detention hearing. ER 23. A hearing was held on August 4, 2021, where the court granted the motion to reopen the hearing and accepted additional evidence and argument. The court found that there was no evidence that Mr. Engstrom was barricaded or locked himself after the SWAT team's entrance, or that he fled. ER 71. The magistrate admonished both the prosecutor and case agent about making factual representations without verifying and based on hearsay. ER 49.

5

On August 17, the magistrate judge again ordered Mr. Engstrom detained as a risk of flight. ER 72. The court again relied primarily on the arrest conduct as a basis for detention despite agreeing with the defendant that there was no evidence that he ran into a room to hide or that he barricaded himself. ER 71.

It should be noted that the magistrate judge, upon reconsidering and releasing a co-defendant (who, the government initially alleged, attempted to flee and hide at the time of arrest) stated the following:

> "What has emerged from these…hearings is a pattern regarding the Government's proffers that have left a lot to be desired – both because of their inaccuracy and their contradictory nature." The court further scolded the government: "The notion that the Government would shift its position in this manner is frightening given its duty, the interests at stake, and especially after have been (recently) warned of the importance of making accurate representations to the Court." ER 179

Mr. Engstrom then filed for district court review of the magistrate's order of detention. A hearing was not conducted, and no additional evidence was introduced. The district court affirmed the magistrate's order based upon risk of flight, yet also found that Mr. Engstrom was a danger to the community. The district court concluded that Mr. Engstrom was a danger to the community based upon allegations that he engaged in drug trafficking within months of completing supervised release. Additionally, the court found that Engstrom could potentially access cryptocurrency funds if released and is therefore a flight risk. The court made no finding regarding

6

Mr. Engstrom's arrest conduct, although this factor weighed heavily in favor of detention according to the magistrate judge. ER 140-142.

Mr. Engstrom filed a motion for reconsideration, which was denied on January 31, 2022. Because the district court's findings are clearly erroneous, Mr. Engstrom requests that the Court order him released subject to appropriate conditions.

## IV. ARGUMENT

### A. Standard of Review

The Court reviews the district court's factual findings concerning pretrial release under a "deferential, clearly erroneous standard." *United States v. Hir*, 517 F.3d 1081,1086 (9th Cir. 2008) (quoting *United States v. Townsend*, 897 F.2d 989,994 (9th Cir. 1990)). The conclusions based on such factual findings, however, present a mixed question of fact and law. *Hir*, 517 F.3d at 1086. Thus, "the question of whether the district court's factual determinations justify the pretrial detention order is reviewed de novo." *Id.* at 1086-87 (citations omitted).

### B. Standard for Release under the Bail Reform Act.

A court must consider the factors in 18 U.S.C. §3142(g) when considering whether a defendant should be detained or released. Congress has determined that any person charged with an offense under the federal criminal laws shall be released pending trial…unless a judicial officer finds that no condition or

7

combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. *United States v. Trujillo-Alvarez*, 900 F.Supp.2d. 1167, 1173 (9th Cir. 2012). The Bail Reform Act …. requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community. *United States v. Chen*, 820 F.Supp. 1205, 1207 (N.D. Cal. 1992) (citing *United States v. Gebro,* 948 F.2d 1118, 1121 (9th Cir. 1991) and *United States v. Motamedi*, 767 F.2d at 1405.

    Federal law has traditionally provided that a person arrested for a non-capital offense shall be admitted to bail. *Motamedi,* 767 F.2d 1403, 1405 (9th Cir. 1985) (citing *Stack v. Boyle*, 342 U.S. 1 (1951)). Only in rare cases should release be denied. *Id.* (citing *Sellers v. United States,* 89 S.Ct. 36, 38 (1968)). Doubts regarding the propriety of release are to be resolved in favor of defendants. *Id*. (citing *Herzog v. United States*, 75 S. Ct. 349, 351 (1955)).

    In a presumption case under 18 U.S.C. §3142(e), the government retains the ultimate burden of persuasion to show the defendant is a danger to the community or a flight risk. The rebuttable presumption merely shifts the burden of production of evidence to the defendant. The burden placed on the defendant to rebut the presumption is small. *Chen*, 820 F. Supp. at 1207. The defendant need only produce some credible evidence forming a basis for his contention that he will

appear and not pose a threat to the community in order to rebut the presumption. *Id*. (citing *United States v. Thomas*, 667 F. Supp. 727, 728 (D. Or. 1987) and *United States v. Dillion*, 938 F. 2d 1412, 1416 (1st Cir. 1991)).

### C. The District Court erred by finding that there are no conditions or combination of conditions to reasonably assure Mr. Engstrom's appearance.

The government has the burden of proof of the risk of flight. It must do so by a clear preponderance of the evidence. *Motamedi*, 767 F.2d at 1406-1407.

The district court concluded that "Mr. Engstrom's facility with the dark web and access to millions of dollars' worth of cryptocurrency show by a preponderance of the evidence that he is a flight risk." 171.

This conclusion is not based on fact nor supported by any evidence presented. It is based on the government's allegations and a theoretical scenario. Mr. Engstrom proffered that he did not have access to the cryptocurrency because it had been seized, which was later confirmed by various notices of forfeiture. Without his personal keys, he cannot access the funds. Yet the district court stated that Mr. Engstrom "could access those funds through the internet if the keys are stored or copied elsewhere." This statement is without any factual basis and is speculative. It assumes facts not presented to the court and is purely hypothetical. This is insufficient as a basis to detain based on risk of flight.

Additionally, Mr. Engstrom's facility with the dark web is also based upon allegations. Nothing was presented to support this assertion other than the government's allegations, which have yet to be proven. Regardless, facility with computers and the dark web does not, in and of itself, create a risk of flight. Importantly, conditions can be fashioned to alleviate any perceived risk of flight. Pretrial services has the capability to restrict computer access and financial transactions. However, the district court failed to address whether conditions could be imposed.

A mere theoretical opportunity for flight is not sufficient grounds for pretrial detention. See *United States v. Simon*, 2006 U.S. Dist. LEXIS 52979 (D. Nev., July 27, 2006) quoting *United States v. Himler*, 797 F.2d 156, 162 (5th Circ.1986) and *United States v. Channon*, 2020 U.S. Dist. LEXIS 127556 (W.Dis. Wash. 2020) ("a mere risk of flight does not warrant pretrial detention; there must be no conditions that 'reasonably assure' the defendant's appearance.")

Mr. Engstrom does not have the resources to flee due to his assets being seized. He has no foreign contacts, has never had a passport, and never traveled outside of the United States. The government presented no evidence that Mr. Engstrom has a history of failing to appear in court. On the contrary, he has shown that he can abide by court-imposed conditions, as he was previously released early from supervision. He has lived in the Las Vegas area for 14 years, has a close

relationship with his ex-wife who is born and raised in Las Vegas. He was studying at the University of Nevada Las Vegas.

The government presented no evidence as to how Mr. Engstrom would access any of his cryptocurrency if granted release. They failed to present any evidence of intent to flee or that he is predisposed to flight. He has a history of complying with court-ordered conditions. Pretrial services has many resources and options to fashion conditions of release that would limit or prohibit Mr. Engstrom's access to computers and currency. Moreover, Mr. Engstrom could be placed on home confinement with electronic monitoring as a condition of release. None of these conditions were addressed in the district court's order.

**D. The District Court erred by finding that Mr. Engstrom is a danger to the community.**

A finding that a defendant is a danger to any other person or the community must be supported by "clear and convincing evidence." 18 U.S.C. §3142(f)(2)(B).

In reviewing a district court's pretrial detention order, the court must be careful to ensure that the "order is consistent with the defendant's constitutional and statutory rights." *Townsend*, 897 F.2d at 994. See also *Motamedi*, 767 F.2d at 1405 (explaining that the Fifth and Eighth Amendments' prohibition of deprivation of liberty without due process and of excessive bail require careful review of pretrial detention orders to ensure that the statutory mandate has been respected).

11

The magistrate judge did not find that Mr. Engstrom was a danger to the community. Indeed, the government, other than invoking the presumption based upon the nature of the charges, hardly argued nor presented evidence at any detention hearing to support a request for detention based upon danger to the community. The magistrate judge, therefore, after hearing testimony and evidence, correctly ruled that the government did not present clear and convincing evidence of danger.

The district court incorrectly determined that Mr. Engstrom was a danger to the community based primarily upon allegations of new criminal conduct; conduct that allegedly began within 8 months of Mr. Engstrom being released from supervision. This is not clear and convincing evidence, but rather reliance on charges based upon probable cause. The court stated:

> That he allegedly resumed drug trafficking so soon after termination of supervision – and at such a large scale – is clear and convincing evidence that he is a danger to the community. ER 171

It is apparent that the district court accorded great weight to the charges against Engstrom and the government's assertion of his guilt. However, the weight of the evidence is the least important of the various factors concerning pretrial release. *Motamedi* at 1408. Although the statute permits the court to consider the nature of the offense and the evidence of guilt, the statute neither requires nor

permits a pretrial determination that the person is guilty. *Id.*, citing *United States v. Edson*, 487 F.2d 370, 372 (1st Cir. 1973).

Here, the district court's finding by clear and convincing evidence is clearly erroneous. Establishing dangerousness by "clear and convincing evidence" is a high burden and must be demonstrated in fact, not in theory. *United States v. Patriarca*, 948 F.2d 789, 792 (1st Cir. 1991). The district court's reliance on allegations based solely upon probable cause is clearly erroneous.

The government presented no independent evidence that Mr. Engstrom is a danger to the community. There were no assertions that Mr. Engstrom has a history of violence or danger, and no evidence that he possessed any firearms or weapons. There were no aggravating circumstances found here.

It should be noted that the district court agreed with the release of one of Mr. Engstrom's co-defendants – a co-defendant who has prior arrests and convictions for multiple felonies and violations of pretrial release and probation. ER 173. The co-defendant was also still on supervised release during the time when the government alleges that he participated in new criminal conduct. On the other hand, Mr. Engstrom's criminal history is concededly stale except for his recent conviction. But he successfully completed his supervised release, and no argument was presented that he has been noncompliant in past cases.

13

The district court here essentially made a preliminary determination of guilt. The refusal to grant release becomes, therefore, in substance a matter of punishment. *Motamedi* at 1408. Citing *United States v. Alston,* 420 F.2d 176, 179-180 (D.C. Cir.1969). This is impermissible and legally insufficient to justify detention as a danger to the community. The district court's finding is without factual basis and clearly erroneous.

## V. CONCLUSION

Based on the foregoing, Mr. Engstrom submits that the district court erred in finding that he is a flight risk and danger to the community. The district court failed to address whether conditions could be fashioned to alleviate concerns of flight or danger. Therefore, Mr. Engstrom respectfully requests that this Court order him released with appropriate conditions.

## VI. STATEMENT OF RELATED CASES

There are no other related cases pending before this Court.

## VII. BAIL STATUS OF DEFENDANT

Mr. Engstrom was arrested on June 22, 2022, and he remains detained at Nevada Southern Detention Center.

## VIII. CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains approximately 3199 words, excluding the parts of

14

the brief exempted by Fed. R. App. 32(a)(7)(B)(iii). This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in proportionally spaced typeface using Microsoft Word, 14 pt Times New Roman.

    Dated this 9 day of March, 2022

                                                                                           Respectfully submitted,
                                                                                           */s/ Benjamin Durham*

                                                                                           _____
                                                                                           Benjamin C. Durham, Esq.

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10049 |
| Plaintiff-Appellee, | D.C. No. 2:21-cr-00190-APG-EJY |
| v. | (Nevada, Las Vegas) |
| PAUL ENGSTROM, | |
| Defendant-Appellant. | |

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on March 9, 2022. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants are not registered CM/ECF user. I have mailed the foregoing documents by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Paul Engstrom
#06870041
Nevada Southern Detention Center
2190 E Mesquite Ave
Pahrump, NV 89060

*/s/ Benjamin Durham*
_____
Benjamin C. Durham, Esq.

16