CA No. 22-10049

# In the
# United States Court of Appeals
# For the Ninth Circuit

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PAUL ENGSTROM,

Defendant-Appellant.

On Appeal from the United States District Court
for the District of Nevada,

**DC No. 2:21-cr-00190 (Andrew P. Gordon, *J.*)**

**GOVERNMENT'S OPPOSITION TO
DEFENDANT'S FRAP9(a) APPEAL**

| | |
|---|---|
| CHRISTOPHER CHIOU<br>Acting United States Attorney | WILLIAM R. REED<br>Assistant United States Attorney<br>District of Nevada |
| ELIZABETH O. WHITE<br>Appellate Chief | 400 South Virginia Street, Suite 900<br>Las Vegas, Nevada 89501<br>(775) 784-5438<br>*Attorneys for the United States* |

Date submitted: March 21, 2022

The United States of America, by and through undersigned counsel, files this opposition to Defendant/Appellant Paul Engstrom's Rule 9(a) memorandum in which he appeals the district court's order denying review of the magistrate judge's detention order.

## I.
## FACTS AND PROCEDURAL HISTORY

**A.  The Magistrate Judge Orders Engstrom Detained Pending Trial as a Flight Risk.**

Engstrom made his initial appearance before a United States magistrate judge on June 23, 2021, on a complaint charging him with one count of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(ii), and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). CR 1, 7.[1] The government requested that Engstrom be detained pending trial. ER-7. After a hearing, the magistrate judge detained Engstrom as a risk of non-appearance. ER-16.

On July 29, 2021, Engstrom filed a motion to re-open his detention hearing.[2] ER-23–25. After conducting another hearing, *see* ER-39–66, the

---

[1] "CR" refers to the District Court Clerk's Record.
[2] On July 6, 2021, after the magistrate judge ordered Engstrom detained, a grand jury returned a nine-count indictment, which charged Engstrom with eight counts relating to illegal distribution of cocaine and one count of conspiracy to commit money laundering. CR 17.

magistrate judge re-affirmed the previous determination that Engstrom presented a risk of non-appearance at future proceedings. ER-68–73.

**B. The District Court Upholds the Magistrate Judge's Decision, and Engstrom Files This Rule 9(a) Memorandum.**

On October 6, 2021, Engstrom filed a pro se motion with the district court seeking review of the magistrate judge's detention order. ER-74–96. After reviewing the magistrate judge's order and the parties' briefs, the district court found Engstrom was both a flight risk and a danger to the community. *See* ER-140–142. Engstrom has now filed this appeal.

## II.

## ARGUMENT

**A. Standard of Review**

"The standard of review for pretrial detention orders is one of deference to the district court's factual findings, absent a showing that they are clearly erroneous, coupled with an independent review of the facts, the findings, and the record to determine whether the order may be upheld." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

**B. Analytical Framework**

A court may detain a defendant pending trial if release subject to conditions "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person in the community." 18 U.S.C.

§ 3142(b). In determining whether to detain or release a defendant, the court shall consider: "(1) the nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community should the person be released." 18 U.S.C. § 3142(g). Moreover, because Engstrom is charged with a controlled substance offense for which the punishment involves at least ten years' imprisonment, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A).

A defendant "ordered detained by a magistrate judge . . . may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). The district court conducts *de novo* review of the magistrate judge's order and "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *United States v. Koenig*, 912 F.2d 1190, 1191, 1193 (9th Cir. 1990).

### C. The District Court Correctly Affirmed the Magistrate Judge's Detention Order.

#### 1. Risk of Non-Appearance

Engstrom divulged to a pretrial services officer "that he owns $8,000,000-$10,000,000 in cryptocurrency." ER-142. The district court found that "Engstrom's facility with the dark web and access to millions of dollars' worth of cryptocurrency show by a preponderance of the evidence that he is a flight risk." *Id*.

Engstrom argues the district court's risk of non-appearance factual findings were erroneous because they were "speculative," "theoretical," and "purely hypothetical." *See* Def. Mem. at 9. There was nothing speculative, however, about Engstrom's admission to a pretrial services officer that he owns millions of dollars in cryptocurrency.

The district court's assessment that Engstrom "could access those funds through the internet if the keys are stored or copied elsewhere" was a reasonable inference based on an undisputed fact, rather than a purely hypothetical conclusion. Contrary to Engstrom's assertion, the district court was not required to accept *carte blanche* his unverifiable assertion (*see* Def. Mem. at 10) that he no longer had access to his millions of dollars in cryptocurrency.

4

   2.   *Danger to the community*

Engstrom argues that the district court "incorrectly determined that [he] was a danger to the community based primarily upon allegations of new criminal conduct . . . that allegedly began within 8 months of Mr. Engstrom being released from supervision" and "accorded great weight to the charges against Engstrom[.]" Def. Mem. at 13. The court did exactly what the statute required it to do, *i.e.*, "take into account . . . the weight of the evidence against the person[.]" 18 U.S.C. § 3142(g)(2).

Here, the court considered evidence from the months' long investigation which showed that Engstrom and his co-defendants "ran a sophisticated, lengthy, and highly profitable scheme to sell cocaine throughout the United States and to launder the proceeds through cryptocurrency transactions, all on the dark web." ER-141. The court further noted that "Engstrom was arrested in a room with a freezer containing a large amount of cocaine" and "[t]he key to that freezer was on a keychain with his car key on it." *Id*.

The district court did not limit its assessment of danger to the weight of the evidence against Engstrom in the pending case. While the court did not reference Engstrom's prior bank robbery conviction (*see* ER-13, 17), it highlighted his 2015 federal conviction for possession with intent to distribute a controlled substance and conspiracy and his 24-month federal prison

5

sentence. ER-141. The court noted that Engstrom was granted early termination of supervised release in January 2019, but was involved in drug dealing activity again "by no later than August 2019." ER-142. The court reasonably concluded that the fact Engstrom "allegedly resumed drug trafficking so soon after termination of supervision—and at such a large scale—is clear and convincing evidence that he is a danger to the community." *Id*.

Engstrom complains that "[t]he magistrate judge did not find that [he] was a danger to the community." Def. Mem. at 13. But he overlooks the district court's *de novo* review of the magistrate judge's findings, which allowed the court to make its "own independent determination with no deference." ER-140 (citing *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990)).

Engstrom's mere disagreement with the district court is insufficient to establish that the court's factual findings were clearly erroneous. The district court acted within its discretion when it found that Engstrom presented a risk of non-appearance and a danger to the community.

## III.

## CONCLUSION

Based upon the foregoing, this Court should affirm the district court's denial of Engstrom's motion for review of the magistrate judge's detention order.

Dated this 21st day of March, 2022.

                                                CHRISTOPHER CHIOU
Acting United States Attorney

ELIZABETH O. WHITE
Appellate Chief

*s/ William R. Reed*
WILLIAM R. REED
Assistant U.S. Attorney
400 South Virginia Street
Suite 900
Reno, NV 89501
(775) 784-5438
*Attorneys for the United States*